Patrick RESENDIS, Tony Escobedo, Wilburn White, Arturo Rodriguez and Elias Gonzales, Plaintiffs-Appellants,

v.

LEE WAY MOTOR FREIGHT, INC., et al., Defendants-Appellees.

No. 73–2322.

United States Court of Appeals,
Fifth Circuit.

Oct. 12, 1977.

Ruben Montemayor, Harry A. Nass, Jr., San Antonio, Tex., for plaintiffs-appellants.

Theo F. Weiss, San Antonio, Tex., Paul Scott Kelly, Jr., Raymond F. Beagle, Jr., Kansas City, Mo., for Lee Way Motor Freight.

Edward W. Penshorn, Bradford F. Miller, San Antonio, Tex., for Local 657.

G. William Baab, Hal K. Gillespie, L. N. D. Wells, Jr., Dallas, Tex., for Southern Conference of Teamsters.

Before WISDOM, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

The Supreme Court of the United States, 1977, 431 U.S. 952, 97 S.Ct. 2669, 53 L.Ed.2d 268, vacated the judgment of this Court in *Resendis v. Lee Way Motor Freight, Inc.*, 5 Cir. 1974, 505 F.2d 69, and remanded the cause to this Court for further consideration in light of *East Texas Motor Freight System, Inc. v. Rodriguez*, 1977, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453.

In our decision, 505 F.2d 69, we affirmed the holding of the District Court that plaintiffs Arturo Rodriguez and Wilburn White failed to prove that the defendant discrimi-

nated against them. That part of our judgment is reaffirmed. We held, however, that the plaintiffs had proved an unrebutted prima facie case of discrimination by the defendant against Mexican-American city drivers. We held also that plaintiffs Resendis, Escobedo, and Gonzales had proved that they had suffered discrimination from the defendant and we reversed the District Court's holding to the contrary.

We now remand the cause to the District Court for that court to decide whether the plaintiffs made out a prima facie case of discrimination against Mexican-American city drivers and whether plaintiffs Resendis, Escobedo, and Gonzales proved that they were discriminated against by the defendant. The District Court's findings and conclusions should be made in light of *Rodriguez*, 431 U.S. 395, 97 S.Ct. 1891, *International Brotherhood of Teamsters v. United States*, 1977, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396, and other relevant decisions of the Supreme Court and of this Court rendered since the trial of this case. The parties should be free to submit new evidence subject to such limitations as the District Court may appropriately impose.